UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

DIAI RAHEEM,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Diai Raheem, by and through undersigned counsel, brings this Complaint against Defendant United Parcel Service, Inc. ("UPS"), and states as follows:

### INTRODUCTION

1. This is an action for damages and injunctive relief to redress unlawful discrimination in employment on the basis of religion and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

2. Plaintiff, a Black Muslim male, was employed by UPS as a part-time On-Road Supervisor in Mobile, Alabama.

3. Throughout his employment, Plaintiff was subjected to unequal treatment, denied religious accommodations, retaliated against for engaging in protected activity, and unlawfully terminated.

4. Plaintiff seeks declaratory relief, injunctive relief, reinstatement, back pay, front pay, compensatory and punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under Title VII.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff Diai Raheem is an African American male and a resident of Mobile County, Alabama. He is a practicing Muslim and was employed by Defendant at its Mobile, Alabama facility.

8. Defendant United Parcel Service, Inc. ("UPS") is a Delaware corporation with its principal office in Atlanta, Georgia. It is an employer within the meaning of Title VII.

## STATEMENT OF FACTS

9. Plaintiff was hired by UPS in January 2023 as a part-time On-Road Supervisor in Mobile, Alabama.

10. During the 2023 peak season, Plaintiff was required to work hours in excess of his scheduled time but was not compensated with overtime pay. He repeatedly raised this issue with his supervisor and Human Resources.

11. In January 2024, Business Manager Caleb Ashcraft warned Plaintiff that pursuing the unpaid wage claim could result in UPS seeking repayment of alleged overpayments.

12. In early 2024, Plaintiff was selected by UPS Corporate for Master Driver Safety Training (MDST), a career-advancing opportunity. Mr. Ashcraft denied Plaintiff permission to attend, despite white supervisors with less experience attending.

13. On or about June 29, 2024, Plaintiff was instructed by a white supervisor, at Ashcraft's direction, to perform manual labor inconsistent with his supervisory role. He was told to avoid being seen by hourly employees. White supervisors were not given such assignments.

14. Plaintiff was routinely denied access to UPS systems and tools needed for his job and was excluded from meetings and denied uniforms given to white supervisors.

15. Plaintiff is a devout Muslim and observes Jumu'ah (Friday prayer). He requested a one-hour break on Fridays to attend prayer and offered to make up the time. UPS ignored this request and failed to engage in the interactive process.

16. On October 7, 2024, Plaintiff joined a Title VII lawsuit against UPS as a named plaintiff.

17. On October 25, 2024, Plaintiff was terminated. The termination occurred the same day as his Friday religious observance and only eighteen days after joining the Title VII lawsuit.

18. UPS's stated reasons for the termination were false. Plaintiff was reinstated shortly thereafter, demonstrating the pretextual nature of the termination.

19. Plaintiff's termination and differential treatment were based on his race and religion and were in retaliation for his protected activity.

## CAUSES OF ACTION

### COUNT I: Religious Discrimination in Violation of Title VII

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19.

21. Plaintiff is a member of a protected class under Title VII due to his religion.

22. Plaintiff requested a reasonable accommodation to attend Jumu'ah prayer, which would not have imposed an undue hardship on UPS.

23. UPS failed to accommodate and did not engage in the interactive process.

24. Plaintiff's termination the same day as his religious observance further supports discriminatory animus.

25. UPS's actions constitute unlawful religious discrimination under Title VII.

## COUNT II: Retaliation in Violation of Title VII

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25.

27. Plaintiff engaged in protected activity by complaining of discrimination, requesting a religious accommodation, and joining a Title VII lawsuit.

28. Defendant terminated Plaintiff eighteen days after his protected activity.

29. Defendant's stated reasons were false and pretextual; the temporal proximity and reinstatement show the termination was retaliatory.

30. Defendant's actions constitute retaliation under Title VII.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Declare that Defendant violated Title VII;

B. Award back pay, lost benefits, and front pay as appropriate;

C. Enjoin Defendant from further discriminatory and retaliatory practices;

D. Award compensatory damages for emotional distress and reputational harm;

E. Award punitive damages for willful and malicious conduct;

F. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

G. Award pre-judgment and post-judgment interest; and

H. Grant such further relief as this Court deems just and proper.

                                              Respectfully submitted this 3rd day of June, 2025.

                                                          /s/ Eucellis Z. Sullivan
                                                          Eucellis Z. Sullivan (ASB-2542-L63S)

                                                          /s/ Ramon Martin
                                                          Ramon Martin (ASB-1597-X69W)

                                                          /s/ Lue E. Sullivan
                                                         Lue E. Sullivan (ASB-5875-C20U)

**Of Counsel**:
The Sullivan Law Firm, LLC
555 Iroquois Street
Chickasaw, AL 36611
T: (251) 268-9292
E: esullivan2007@gmail.com   Sullivanlue79@gmail.com

The Justice Law Firm, LLC
505 20th Street N.
Suite 1220-1157
Birmingham, AL 35203
T: (205) 983-2017
E: Ramon.Martin@LegalJusticeMatters.com

                                                          /s/ Eucellis Z. Sullivan
                                                          Eucellis Z. Sullivan

                                                          /s/ Ramon Martin
                                                          Ramon Martin

                                                          /s/ Lue E. Sullivan
                                                         Lue E. Sullivan