**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DIAI RAHEEM, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-00231-KD-N |
| | ) | |
| UNITED PARCEL SERVICE, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This action is before the Court on sua sponte review of the record. For the reasons below, this action is **DISMISSED without prejudice** for Plaintiff Diai Raheem's ("Raheem") failure to comply with Federal Rule of Civil Procedure 4(m).

**I.        Background**

Raheem filed his complaint against Defendant United Parcel Service, Inc. on June 3, 2025. (Doc. 1). Under Rule 4(m), Raheem's deadline to serve the defendant was September 2, 2025. (Doc. 1). Raheem failed to show proof of service on the defendant by this deadline, so the Court ordered Raheem "to file proof of service on the defendant on or before September 22, 2025." (Doc. 7) ("service order"). The Court warned Raheem that "[f]ailure to comply with this order will result in the dismissal of this action without prejudice unless good cause is shown." (<u>Id.</u>).

On October 20, 2025, Raheem filed a notice regarding action taken to effect service. (Doc. 13). In the filing, Raheem gave several reasons for his failure to comply with the service order. (<u>Id.</u> at 1). Raheem added that he is "currently engaged in securing competent legal counsel" and asked the Court for "at least thirty days to file a response through competent legal representation." (<u>Id.</u> at 2).

On October 22, 2025, the Court provided another extension of the Rule 4(m) service

deadline. (Doc. 15). The Court ordered Raheem to file a proof of service on or before December 5, 2025. (Id. at 3). The Court again warned that "[f]ailure to comply with this order will result in the dismissal of this action without prejudice unless good cause is shown." (Id.).

## II.    Analysis

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "The court may dismiss under Federal Rule of Civil Procedure 4(m) sua sponte, but only after notice to the plaintiff." 1 Steven F. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 4:93 (2025).

Here, Raheem failed to show proof of service on the defendant by the Rule 4(m) deadline—September 2, 2025. The Court gave Raheem an extension to file proof of service by September 22, 2025. (Doc. 7). But the Court gave Raheem notice that the action would be dismissed if proof of service was not filed by September 22, 2025, or good cause was shown. (Id.). On October 20, 2025, Raheem asked for an extension for good cause. (Doc. 13). The Court provided another extension to file proof of service by December 5, 2025. (Doc. 15). But again, the Court gave Raheem notice that the action would be dismissed if proof of service was not filed by December 5, 2025, or good cause was shown. (Id.). As of the time of this order, Raheem has not filed a proof of service or shown good cause for a third extension. Therefore, the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

**DONE** and **ORDERED** this **22nd** day of **December 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**